WESTERN DIST.
September, 1840.

PEUCH, BEIN &
CO.
vs.
PALFREY, SYN-
DIC, AND SAUN-
DERS.

PEUCH, BEIN & CO. vs. PALFREY, SYNDIC, AND SAUNDERS.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

When the record contains no motion for a continuance, or reasons offered for one, the affidavit of the party, that he was absent and his counsel not in attendance at the trial, cannot be received in this court, to open the judgment and remand the case for a new trial, on the ground that great injustice has been done.

This is a suit on an injunction bond, against Saunders the surety therein ; and against the syndic of the creditors of George Whiting & Co., for the sum of six hundred and seventy-five dollars, for damages occasioned by the wrongful suing out of an injunction. The plaintiffs show that they had a judgment against one William Youngblood, and had seized twenty-seven hogsheads of sugar, which was enjoined.

WESTERN DIST. September, 1840.

PEUCH, BEIN & CO.
vs.
PALFREY, SYNDIC, AND SAUNDERS.

The injunction was dissolved with damages, but the sugar being released the plaintiff's demand was not paid.

On the trial of the case, there was no counsel appeared for Saunders. He was absent, and his former counsel, one had died and the other was made a judge.

It was suggested by Gibbons that the defendant was not represented by counsel. There was, however, no motion for a continuance and the judge proceeded with the case.

There was judgment against the defendant, Saunders, for three hundred and seventy-four dollars, with 10 per cent. per annum interest. The defendant appealed.

*Maskell,* for plaintiff, urged the affirmance of the judgment.

*Gibbons,* contra, briefly adverted to the hardship of the case, caused by the party's absence, and the trial without counsel. He urged upon the court the necessity of granting relief, and a new trial.

2. In order to obtain a reversal of the judgment, and to have the case remanded for a new trial, the counsel offered the affidavit of the defendant Saunders, showing the facts and hardship of his case, in being tried in his absence and without counsel.

*Garland, J.,* delivered the opinion of the court.

The plaintiffs commenced this suit against the defendants on an injunction bond, executed by Whiting & Co., and Saunders as surety, filed in a suit commenced by Whiting & Co., to arrest the execution of a judgment which the plaintiffs had against William Youngblood. The injunction was dissolved. There was judgment in the court below against Saunders, the surety, and he appealed. The record comes up with a certificate, that it contains all the documents and evidence adduced by the parties on the trial of the cause. In this court, the defendant does not contest the correctness of the judgment rendered upon the evidence, but asks us to remand the cause, offering to the

court an affidavit made since the judgment was rendered, alleging that a continuance was improperly denied him, when asked for in the court below. The record contains no motion for a continuance or any reason offered for one, but the counsel contends this court ought to listen to it now, and remand the cause, if injustice has been done. The adoption of any such practice, would lead to endless delays and difficulties in the administration of justice, and cannot be tolerated. It is expressly forbidden to us to enter into an examination of any such questions, unless they appear on the record. *Code of Practice, articles* 894, 895. 8 *Martin, N. S.,* 435, 453. 1 *Louisiana Reports,* 323. 3 *Idem.,* 516. 6 *Idem.,* 402.

We have been asked to give ten per cent. damages for a frivolous appeal, but as the judgment is against a surety and bears ten per centum interest per annum, we have decided not to allow them ; but affirm the judgment of the District Court, with costs.